CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
AUG 22 2008
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| THOMAS L. HAYNES, | ) | CASE NO. 4:07CV00043 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | By: B. Waugh Crigler |
| of Social Security, | ) | U. S. Magistrate Judge |
| | ) | |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's protectively-filed November 7, 2005 applications for a period of disability, disability insurance benefits, and supplemental security income ("SSI") under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq. is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned RECOMMENDS that an Order enter GRANTING the plaintiff's motion for summary judgment, to the extent that the court REMANDS the case to the Commissioner for further proceedings. The Order should provide that, should the Commissioner be unable to grant benefits on the extant record, he is to recommit the case to a Law Judge to conduct additional evidentiary proceedings where both sides may introduce additional evidence, and where the Commissioner will have an opportunity to discharge his regulatory duty to develop

fully and fairly the evidentiary record concerning plaintiff's capacity to perform gross and fine manipulation.[1]

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff had not engaged in substantial gainful activity since October 1, 2005, his alleged disability onset date, and that he was insured for benefits through March 31, 2010. (R. 15.) The Law Judge further found that plaintiff had the following severe impairments: carpal tunnel syndrome, hearing loss in the left ear, and a back disorder. (*Id.*) It was determined that when viewed individually or in combination, his impairments were not severe enough to meet or equal any listed impairment. (*Id.*) The Law Judge was of the view that plaintiff, a younger individual[2], retained the residual functional capacity ("RFC") to perform light exertional work which involves sitting, standing, and walking for six hours in an eight-hour workday. (R. 16.) The Law Judge determined that plaintiff should avoid unprotected heights and moving machinery, he has "some difficulty with gross and fine manipulation," and he suffers "some hearing loss" in the left ear. (*Id.*) The Law Judge noted that although plaintiff experiences pain, which is sufficiently severe to be noticeable to him at all times, he is able to be attentive and carry out duties assigned to him. (*Id.*) He then determined that this RFC precluded plaintiff from returning to his past relevant work as a dye house operator,

---

[1] In his motion for summary judgment, and the brief filed in support thereof, plaintiff seeks outright reversal of the Commissioner's decision with entry of judgment in his favor. (Pl's Motion, pp. 1-2; Pl's Brief, p. 15.) The undersigned declines to so recommend, but is of the view that the motion should be granted to the extent that remand is necessary for further development of the record.

[2] Plaintiff was born on September 15, 1958, making him forty-seven years old on the alleged date of disability onset. (R. 21.) Under the Regulations, an individual less that fifty years old is a "younger person." 20 C.F.R. §§ 404.1563(c), 416.963(c).

2

lumber grader, machine operator, and self-employed handyman.[3] (R. 20.) However, by reference to the Medical-Vocational Guidelines ("grids") and testimony provided by the vocational expert ("VE"), the Law Judge found that there were other jobs in the national economy plaintiff could perform[4], and ultimately, that he was not disabled under the Act. (R. 21-22.)

Plaintiff appealed the Law Judge's decision to the Appeals Council, which found no basis in the record, or in the reasons advanced on appeal, to review the Law Judge's March 16, 2007 decision. (R. 5-7.) Accordingly, the Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The Regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. 20 C.F.R. §§ 404.1527 and 416.927; *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a Memorandum filed in support of his motion for summary judgment, plaintiff initially

---

[3]The Law Judge referenced the VE's testimony that plaintiff's past relevant work as a dye house operator, lumber grader, and self-employed handyman were medium and heavy exertional, and that his work as a machine operator was light exertional. (R. 20-21)

[4]The Law Judge found that positions as a mail clerk, fast food worker, counter clerk, and lobby attendant were representative of those he could perform. (R. 21.)

3

argues that the Law Judge's determination of his RFC is inadequate in that it fails to define the frequency with which he can engage in gross and fine manipulation. (Pl's Brief, pp. 9-11.) Specifically, plaintiff challenges, as vague and legally insufficient, the Law Judge's finding that he has "some difficulty" with gross and fine manipulation. (Pl's Brief, p. 9.) The undersigned agrees that the Law Judge's RFC finding is ambiguous and will recommend the case be remanded to permit further development of the evidence relating to the extent of the limitation on plaintiff's gross and fine manipulation.

While the claimant has the burden of providing evidence to support his disability claim, *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981), the Law Judge has a duty to adequately develop the record on all relevant facts and issues before making a final decision, *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986). *Fitz v. Astrue*, No. 2:07CV00012, 2008 WL 2514070, *3 (W.D. Va. June 19, 2008). Moreover, when a claimant is acting without representation at the hearing before the Law Judge, the Law Judge's duty to develop the record is even greater. *Sims v. Harris*, 631 F.2d 26, 28 (4th Cir. 1980); *Fitz*, 2008 WL 2514070 at *3. Finally, the Law Judge cannot simply rely on the evidence submitted by plaintiff when that evidence is inadequate. *Cook*, 783 F.2d at 1173; *Fitz*, 2008 WL 2514070 at *3.

The record reveals that plaintiff has suffered with bilateral carpal tunnel syndrome. (R. 158, 178, 199.) On January 23, 2006, John S. Mahoney, M.D., an orthopedic surgeon, performed a left[5] carpal tunnel release. (R. 140-141.) Dr. Mahoney then served as plaintiff's treating physician until September 13, 2006. (R. 155-160, 205-212.) Dr. Mahoney's treatment records

---

[5]Dr. Mahoney's May 31, 2006 medical note erroneously reflects a right carpal tunnel release. (R. 208.)

4

provide the only longitudinal, in-depth assessment of plaintiff's carpal tunnel syndrome and its effect on his gross and fine manipulation capacities.

Dr. Mahoney's final treatment note, dated September 13, 2006, reveals that plaintiff presented complaining about an "odd" pain in the dorsum of both hands near the base of the second metacarpal, a little mild crepitus around his thumbs, some numbness on the dorsum of his hands, and occasional numbness in the ulnar nerve distribution in his left hand. (R. 212.) Dr. Mahoney found that he had a full range of motion in his elbows and wrists, he was able to make a tight composite fist, and he complained of little pain over the dorsum of each hand in the area of the base of his second metacarpal with mild tenderness to palpation of the area. (*Id.*) Dr. Mahoney opined that plaintiff's complaints did not meet any known dermatomal distribution, and he suspected plaintiff was more functional than he was exhibiting during the evaluations. (*Id.*) Thus, it was Dr. Mahoney's recommendation that plaintiff be sent for a functional capacities evaluation to obtain objective data establishing what he was able to do with his hands and whether he could actually participate in work. (*Id.*) Plaintiff did not have the recommended functional evaluation. (R. 281.)

Dr. Mahoney's evidence aside, the other medical evidence of record relating to plaintiff's gross and fine manipulation capacities is contradictory, which points to the need for further develop of the record. For instance, on December 26, 2006, plaintiff was seen for a one-time evaluation by Robert E. Cassidy, M.D.[6] (R. 193-194.) Later, Dr. Cassidy completed a functional

---

[6]It is noteworthy that although plaintiff refers to Dr. Cassidy as a "treating" physician (Pl's Brief, p. 11), the record reflects that Dr. Cassidy evaluated plaintiff *only once*. (R. 193.) Therefore, Dr. Cassidy had no long term treatment relationship with plaintiff and should not be viewed as the kind of "treating source" whose opinions are to be given great weight and special consideration. *See* 20 C.F.R. §§ 404.1527(d), 416.927(d). By the same token, Dr. Cassidy's
5

capacities form indicating plaintiff was limited in his handling (gross manipulation), fingering (fine manipulation), and feeling (skin receptors). (R. 203.) Dr. Cassidy also found that plaintiff was limited to jobs requiring only occasional handling, fingering, and feeling. (*Id.*)

In contrast, a State Agency review physician evaluated plaintiff's medical records on January 30, 2006 and found that plaintiff had no limitations on his abilities to handle (gross manipulation), finger (fine manipulation), and feel (skin receptors). (R. 149.) On March 28, 2006, another State Agency record reviewing physician evaluated plaintiff's medical records and also found he had no manipulative limitations. (R. 163.) Clearly, the Law Judge could not have arrived at his decision about plaintiff's abilities to manipulate based on the State agency evidence because that evidence would have required a finding that plaintiff suffered no limitations on his ability to manipulate. In turn, the manner in which the Law Judge fashioned his rather ambiguous finding that plaintiff suffered "some difficulty with gross and fine manipulation," which will be discussed in more detail below, makes it even more difficult for the undersigned to determine on the extant record whether such finding, in fact, is supported by substantial evidence.

The Commissioner suggests that this case should not be remanded for further development because plaintiff's own conduct frustrated any further development of the medical record. (Comm's Brief, p. 14.) The Commissioner notes that plaintiff twice failed to attend the kind of functional evaluation recommended by Dr. Mahoney which prevented the physician from quantifying the level of any limitation on plaintiff's gross and fine manipulation. (*Id.*)

---

evidence corroborates the need for objective testing which, in turn, would provide a basis for assigning weight to the various medical opinions.

At plaintiff's hearing before the Law Judge, his counsel proffered that the staff at Woodrow Wilson Rehabilitation Center were unwilling to perform the initially-scheduled tests because plaintiff had an air cast on his left ankle. (R. 281.) Plaintiff's counsel further proffered that plaintiff cancelled the second evaluation because he was suffering a great deal of pain in both wrists, lower back, and hip. (R. 281-282.)

A fair reading of the Law Judge's decision certainly suggests the Law Judge did not believe these proffered excuses. (R. 19-20.) Instead, he took the position that plaintiff had been medically cleared to receive the evaluation, thus establishing his ability to have undergone the functional tests. (R. 19.) This conclusion misses the first point plaintiff actually has asserted, namely that, on the first occasion, the testing facility refused to perform the evaluation with his ankle in a cast. The Law Judge also found that plaintiff's medical records during that time period do not demonstrate any deterioration in his condition which would support his failure to attend the second evaluation. (R. 19-20.) However, the absence of such an entry in the record is not sufficient, alone, to challenge the credibility of the proffer that the pain in plaintiff's wrists, lower back, and hip caused him to cancel the second appointment.

This is especially so since the Law Judge chose not to examine the plaintiff about his failure to attend the evaluations beyond that which was proffered. (R. 281-282.) The Law Judge simply passed up the opportunity to have put into issue the veracity of the two proffers, thus leaving a record which is insufficient to allow the undersigned to make an informed determination about whether plaintiff's failure to undergo the recommended evaluation either was justified, or whether, on the other hand, it evinces an inexcusable lack of cooperation.

At this juncture of the proceedings, no one can say what the result of the functional

7

evaluation would have revealed had it been performed. In other words, the evidence at issue is yet-to-be discovered. Therefore, the question here is not whether there is "newly discovered evidence" which, in turn is assessed under the four-part analysis of *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985) which was superseded by the amendments to 42 U.S.C. § 405(g). If it were "newly discovered evidence," the undersigned's recommendation would conform to that in *Jones v. Astrue*, No. 4:07CV00049, 2008 WL 2991408 (W.D. Va. August 1, 2008), a recent decision by the same District Judge who presides in this case.[7] Instead, this case tracks more closely the circumstances in the *Cook v. Heckler* and *Fitz v. Astrue* line of cases. Those cases provided for a remand under circumstances where the evidence was not fully and fairly developed (yet-to-be developed), notwithstanding the regulatory mandate upon the Law Judge to do so, irrespective of whether the claimant was represented, and even where the claimant's evidence, itself, might have been inadequate on the evidentiary matter found to be needing further development.[8]

Next, plaintiff argues that the Law Judge's failure to specify his capacity to engage in gross and fine manipulation was prejudicial. (Pl's Brief, pp. 10-11.) Specifically, he contends the Law Judge's vague finding that he has "some difficulty with gross and fine manipulation" is

---

[7]The court, in *Jones*, also noted that the evidence sought could have been obtained and presented anytime during the almost six months the case was pending before the administration. 2008 WL 2991408 at *4.

[8]*Borders*, and now Sentence 6 of 42 U.S.C. § 405(g), address *after-acquired* evidence, and require the courts to examine its relevance and materiality to the claim's time period and the reasons it was not earlier presented. Here, there could be little dispute over the relevance and materiality of the proposed functional studies. The problem is that they never were performed and their results do not exist. Further, the cause for this cannot be laid at plaintiff's feet on the evidence in the extant record.

8

insufficient to provide a basis for the VE's finding that other jobs are available to him. (*Id.*) It is well-established that a VE's opinion is only relevant and helpful to the extent that it is responsive to hypothetical questions which set forth all of the plaintiff's impairments. *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989).

> The Law Judge posed the following hypothetical to the VE:
>
> Let's consider an individual the Claimant's age. He's currently 48 years old, a high school graduate, has some specialized education. Assume that I find that he's confined to light exertion, that is lifting 10 pounds frequently, 20 pounds occasionally. Further assume that he would be precluded from working around heights or moving machinery, and would have ***some difficulty with gross handling. However, fine manipulation, such as picking up a key or a coin, would not be a problem. He tells us that he doesn't write much, so I'm not sure what I would say on that. He said he has some difficulty keyboarding as well.*** Factor in pain of sufficient severity to be noticeable to him at all times, somewhere in the moderate range, but that, nevertheless, he could be attentive to and could carry out assigned duties. He also has some hearing loss in the left ear.

(R. 304-305) (emphases added.)

The VE responded that this RFC precluded plaintiff from returning to his past relevant work, but that there were other jobs available to him. (R. 305.) Specifically, the VE opined that plaintiff would be able to perform work as a mail clerk, fast food worker, counter clerk, and lobby attendant. (R. 305-306.)

In the end, the undersigned is of the view that the Law Judge's finding that plaintiff suffers "some difficulty with gross and fine manipulation" is vague and ambiguous and is insufficient to describe the claimant's limitations. Moreover, this finding cannot be justified on an undeveloped or underdeveloped record such as the one before the court. Thus, the undersigned cannot say whether the hypothetical presented to the VE set forth limitations on plaintiff's gross and fine manipulation in a manner consistent with *Walker v. Bowen*. Because

9

those limitations can be determined only upon further evidentiary development, the case should be remanded for further proceedings.

Therefore, the undersigned RECOMMENDS that an Order enter GRANTING the plaintiff's motion for summary judgment, to the extent that the court REMANDS the case to the Commissioner for further proceedings at which both sides may introduce additional evidence, and where the Commissioner will have an opportunity to discharge his regulatory duty to develop fully and fairly the evidentiary record concerning plaintiff's capacity to perform gross and fine manipulation.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ [signature]
U.S. Magistrate Judge

August 22, 2008
Date