IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| THOMAS L. HAYNES, | ) |
| | ) Case No. 4:07CV00043 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) By: Jackson L. Kiser |
| | ) Senior United States District Judge |
| Defendant. | ) |
| | ) |

Before me is the Report and Recommendation of the United States Magistrate Judge recommending that Plaintiff's Motion for Summary Judgment be granted and the case remanded to the Commissioner of Social Security ("Commissioner") for further proceedings. The Commissioner filed objections to the Magistrate's Report and Recommendation. I have reviewed the Magistrate Judge's recommendation, Defendant's objections, and relevant portions of the record. The matter is now ripe for decision. For the reasons stated below, I will **REJECT** the Magistrate's Report and Recommendation and **GRANT** the Defendant's Motion for Summary Judgment.

## I.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff Thomas Haynes ("Plaintiff") protectively filed a Title II application for a period of disability and disability insurance benefits ("DIB"), as well as a Title XVI application for supplemental security income ("SSI") under the Social Security Act ("Act") on November 7, 2005. In his applications, Plaintiff alleges that he became disabled on October 1, 2005 due to bilateral carpal tunnel syndrome. (R. 47-49, 98-99.) These claims were denied by the Social Security Administration on February 1, 2006, and upon reconsideration on March 30, 2006. (R.

1

30-36.) Plaintiff then filed a written request for a hearing by an Administrative Law Judge ("ALJ") on May 31, 2006. (R. 37-38.)

The Plaintiff appeared, represented by counsel, and testified at a hearing held on February 27, 2007 before the ALJ. (R. 277-312.) At the hearing, the ALJ heard testimony from the Plaintiff as well as testimony from a vocational expert. (R. 277-78.) After considering the evidence and arguments presented, the ALJ denied Plaintiff's claims for disability insurance benefits and SSI, finding that he could perform other work in the national economy. (R. 21.) The ALJ held that Plaintiff had not engaged in substantial gainful activity since October 1, 2005, his alleged disability onset date, and that he was insured for benefits through March 31, 2010. (R. 13-22.) The ALJ ruled that Plaintiff had the following severe impairments: mild carpal tunnel syndrome, hearing loss in the left ear, and a back disorder. (R.15.) The ALJ held that Plaintiff, a younger individual, retained the residual functional capacity ("RFC") to perform light exertional work which involves sitting, standing, and walking for six hours in an eight hour work day. (R. 16.) The ALJ further determined that Plaintiff should avoid unprotected heights and moving machinery, he has "some difficulty" with gross and fine manipulation, and he suffers from "some hearing loss in the left ear." (*Id.*)

The ALJ noted that although Plaintiff experiences pain, he is able to be attentive and carry out duties assigned to him. (*Id.*) The ALJ determined that this RFC precluded Plaintiff from returning to his past relevant work as a dye house operator, lumber grader, machine operator, and self-employed handyman. (R. 20.) However, referencing the Medical-Vocational Guidelines and testimony from the Vocational Expert ("VE"), the ALJ found that there were other jobs in the national economy Plaintiff could perform and that he was not disabled under the Act. (R. 21-22.)

2

As part of the ALJ's finding that Plaintiff retained the RFC to perform light exertional work with limitations, the ALJ discussed the conflicting opinions regarding Plaintiff's functional capacity. (R. 18-19.) The ALJ opined that one of the Plaintiff's treating surgeons, Dr. John S. Mahoney, M.D., suspected that the Plaintiff may be more functional than he purports during his examinations. (R. 18.) Dr. Mahoney recommended that Plaintiff receive a functional capacity evaluation ("FCE") which would provide objective data regarding his functional capacity. Although medically cleared at the end of November 2006 to have an FCE, the Plaintiff did not do so. (*Id.*) The ALJ also noted that the Plaintiff's allegations regarding the severity of his impairments are not supported by independent medical evidence. (R. 19.) The ALJ gave little weight to the opinion evidence of Dr. Robert E. Cassidy, M.D., regarding Plaintiff's physical limitations because Dr. Cassidy's opinions were inconsistent with the medical record and not supported by Dr. Cassidy's own treatment record. (R. 20.)

The Vocational Expert ("VE") at Plaintiff's hearing reviewed the vocational records and testimony, determining that Plaintiff would be able to perform the requirements of representative occupations such as mail clerk, fast food worker, counter clerk, or lobby attendant. (R. 305-06.) The VE ultimately proffered that jobs do exist in the national economy for an individual of Plaintiff's age, education, work experience, and residual functional capacity. (*Id.*)

Plaintiff followed the administrative procedures and appealed the ALJ's decision to the Appeals Council, which affirmed the ALJ's decision. (R. 5-7.) At this point, the Commissioner's decision became final, and Plaintiff filed this action in the United States District Court for the Western District of Virginia on October 2, 2007. This case was assigned to Magistrate Judge B. Waugh Crigler, who issued his Report and Recommendation on August 22, 2008, after considering motions for summary judgment filed by both parties. Magistrate Judge

Crigler recommended that the Plaintiff's Motion for Summary Judgment be granted and the case remanded to the Commissioner for further proceedings, on the grounds that the ALJ failed to discharge his duty to fully and fairly develop the evidentiary record sufficient to consider Plaintiff's capacity to perform gross and fine manipulation. The Commissioner timely filed his objections to the Magistrate Judges's recommendation, arguing that substantial evidence does support the ALJ's conclusion that Plaintiff could perform other work in the national economy. The Commissioner contends that the ALJ's hypothetical question to the VE fairly set out Plaintiff's upper extremity limitations.

## II.     STANDARD OF REVIEW

Congress has limited judicial review of decisions by the Social Security Commissioner. I am required to uphold the decision where: (1) the Commissioner's factual findings are supported by substantial evidence; and (2) the Commissioner applied the proper legal standard. 42 U.S.C. § 405(g); *see also Craig v. Chater,* 76 F.3d 585, 589 (4th Cir. 1996). The Fourth Circuit has long defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (*quoting Richardson v. Perales*, 402 U.S. 389, 401 (1971)). In other words, the substantial evidence standard is satisfied by producing more than a scintilla but less than a preponderance of the evidence. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527-404.1545; *Shively v. Heckler*, 739 F.2d 987, 990 (4th Cir. 1984).  The regulations grant the Commissioner latitude in resolving factual inconsistencies that may arise during the evaluation of the evidence. 20 C.F.R. §§ 404.1527 and 416.927. If the ALJ's resolution of the

4

conflicts in the evidence is supported by substantial evidence, then I must affirm the Commissioner's final decision. *Laws*, 368 F.2d at 642.

### III.   DISCUSSION

Plaintiff contends that the ALJ did not have substantial evidentiary support for his findings of fact, specifically because he did not specifically define the frequency with which the Plaintiff can engage in gross and fine manipulation.  Plaintiff also argues that the ALJ did not give adequate weight to the opinions of the Plaintiff's treating physician.  The Magistrate Judge recommends that the Plaintiff's motion for summary judgment be granted and this case be remanded to the Commissioner, albeit on grounds that the Commissioner's final decision is not supported by substantial evidence due to the ALJ's failure to fully and fairly develop the evidentiary record necessary to determine Plaintiff's functional capacity.  The Commissioner objects to the Magistrate's recommendation, arguing the ALJ's decision is supported by substantial evidence based on the evidentiary record at hand and the fact that the ALJ's hypothetical question to the VE sufficiently incorporated Plaintiff's functional limitations.

As the standard of review requires, I am precluded from judging the evidence in this case in the way a finder of fact would, and instead must review the record before this Court and determine whether substantial evidence supports the decision of the Commissioner.  For the reasons given here, I find that the Commissioner had substantial evidence in the record for his conclusion that Plaintiff could perform other work in the national economy and that Plaintiff was not disabled under the Act.  I conclude that there is sufficient information in the record from which the ALJ could reasonably decide whether the plaintiff was disabled and thus, find no legal basis to remand this case to the Commissioner for further consideration.

The plaintiff bears the burden of proving that she is under a disability.  *Blalock v.*

5

Case 4:07-cv-00043-JLK-BWC   Document 20   Filed 11/21/08   Page 5 of 9   Pageid#: 79

*Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). Regardless of whether a claimant is represented, the ALJ has an independent duty to develop fully and fairly the record so that he may make an informed decision about the claimant's eligibility for SSI and DIB. *See Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986); *see also Fitz v. Astrue*, No. 2:07CV00012, 2008 WL 2514070, at *3 (W.D. Va. June 19, 2008). Although the Plaintiff bears the burden of proving that he is disabled, the ALJ may not rely only on the evidence submitted by the plaintiff when the plaintiff's evidence is inadequate. *Cook*, 783 F.2d at 1173. As the Fourth Circuit stated, the ALJ's "failure to ask further questions and to demand the production of further evidence, as permitted by 20 C.F.R. § 404.944, amounted to neglect" of the ALJ's duty to develop the evidence. *Id.* at 1173-74.

The Magistrate Judge's recommendation that this case be remanded back to the Commissioner was premised on grounds that the ALJ did not adequately develop the record because the Plaintiff had not completed a functional capacities evaluation recommended by the Plaintiff's treating physician. The Magistrate Judge's report labels the lacking functional evaluation evidence as "yet-to-be discovered" evidence instead of "newly discovered evidence" assessed under the four-part analysis of *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985), which was superseded by the amendments to 42 U.S.C. § 405(g). I disagree. The cases relied upon by the Magistrate Judge deal with extreme instances where the ALJ completely failed to explore all relevant facts and inquire into the issues necessary to develop the record.

For example, in *Cook v. Heckler*, the Fourth Circuit identified numerous tests, reports, and physicians' opinions which were necessary to determine whether the plaintiff met the appropriate disability requirements. *Cook*, 783 F.2d at 1173. The court noted that without any of the numerous physician's opinions and tests present in the record, "it is impossible to tell

6

whether [the plaintiff] meets the requirements in the list of impairments." *Id.* Likewise, in *Fitz v. Astrue*, the plaintiff did not provide any medical records in her hearing before the ALJ past the time that the plaintiff filed her original claim.[1] The ALJ did not request the missing records, question her about what treatment she had been undergoing during the records gap, or question her about her health condition at the time of the hearing. Both of these cases deal with instances where the ALJ failed to fulfill his duty to develop the record and obtain sufficient evidence from which to draw a reasoned conclusion about the plaintiff's disability. In the current case, the ALJ asked appropriate questions and obtained sufficient evidence from which a reasoned conclusion could be drawn.

The fact that the evidence is not "newly discovered evidence" is because the Plaintiff failed to complete the recommended functional capacities evaluation. Had the Plaintiff completed the functional evaluation recommended by his treating physician, the evidence would fall in the "newly discovered evidence" category governed by the four-part analysis of *Borders*. The ALJ's decision clearly suggests that the ALJ did not believe the Plaintiff's proffered excuses for failing to complete the functional evaluation. (R. 19-20.) He took the position that Plaintiff had been medically cleared to receive the evaluations, and chose not to do so.[2] The ALJ's credibility determinations are entitled to great weight. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). In reviewing the record for substantial evidence, the court must not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the

---

[1] It is critical to note that the plaintiff in *Fitz* appeared before the ALJ without representation. This distinction is important because the ALJ has a heightened duty to adequately develop the record when a claimant acts without representation at the hearing before the ALJ. *See Sims v. Harris*, 631 F.2d 26, 28 (4th Cir. 1980). In the case at hand, however, the Plaintiff was represented by counsel during his hearing before the ALJ.

[2] The record indicates that Plaintiff did not attend his first scheduled FCE because of an air cast on his left ankle. (R. 281.) However, a medical source subsequently cleared Plaintiff for an FCE on November 30, 2006. (R. 182.) Plaintiff cancelled a second scheduled FCE because he was "just not feeling up to it." (R. 281-82.)

7

ALJ.  *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary."  *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987).  Accordingly, I find that substantial evidence supports the ALJ's credibility determination regarding the Plaintiff's failure to complete the functional capacity evaluation.[3]

Lastly, Plaintiff argues that the ALJ's failure to specify Plaintiff's capacity to engage in gross and fine manipulation was prejudicial.  Specifically, he contends that by failing to make specific findings regarding Plaintiff's ability to engage in gross and fine manipulation, the ALJ provided an insufficient basis for the VE's finding that other jobs in the national economy are available to the Plaintiff.  A VE's opinion is only relevant and helpful to the extent that it is responsive to hypothetical questions which set forth all the plaintiff's impairments.  *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989).  In the ALJ's hypothetical to the VE, the ALJ opined that the Plaintiff would have "some difficulty" with gross and fine manipulation.  (R. 304-05.)  The VE responded to the hypothetical question by identifying several jobs that Plaintiff could perform in the national economy.  (R. 305-06.)

The Commissioner argues that the ALJ's hypothetical question to the VE more than accounted for Plaintiff's functional limitations.  I agree.  The VE's testimony constitutes substantial evidence because the ALJ's hypothetical question adequately described Plaintiff's functional limitations in a manner that the record supports.  For example, there is ample evidence

---

[3] Similarly, this Court will not second guess the ALJ's decision regarding contrary evidence.  The Plaintiff and Magistrate Judge both contend that the ALJ erroneously gave little weight to Dr. Cassidy's opinion regarding Plaintiff's physical limitations.  Although this Court agrees with the ALJ that Dr. Cassidy's opinions appear to be inconsistent with the medical record, I will not substitute my judgment for that of the ALJ pursuant to *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  Once more, I am not persuaded by Plaintiff's argument that Dr. Cassidy was Plaintiff's treating physician; indeed, it appears that Dr. Cassidy evaluated Plaintiff only once.  (R. 193.)  The Magistrate Judge is correct that Dr. Cassidy's opinion does not qualify as a "treating source" whose opinions are to

8

that Plaintiff suffered from only mild carpal tunnel syndrome. (R. 242, 251.) Additionally, there is evidence that Plaintiff's treating surgeon believed that Plaintiff was exaggerating his symptoms and possessed greater function that he was willing to reveal during his exams.[4] I conclude that the ALJ's hypothetical question stating that Plaintiff had "some difficulty" with gross and fine manipulation adequately set forth Plaintiff's limitations in a manner consistent with the record. Substantial evidence supports the ALJ's finding that Plaintiff has the residual capacity to perform other work in the national economy.

## IV. CONCLUSION

For the reasons stated below, I will **REJECT** the Magistrate Judge's Report and Recommendation and **SUSTAIN** the Defendant's objections. I will **GRANT** the Defendant's Motion for Summary Judgment and this case shall be **DISMISSED** from the active docket of this Court.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

Entered this 21st day of November, 2008.

s/Jackson L. Kiser
Senior United States District Judge

---

receive greater weight and special consideration. *See* 20 C.F.R. §§ 404.1527(d), 416.927(d).
[4] The ALJ also noted that Plaintiff did not appear to be in any acute distress despite the fact that he just drove 72 miles to the hearing without resting and previously testified that he could only sit for 30 minutes at a time. (R. 20.)

9